KITCHENS, Justice,
dissenting:
¶ 16. I agree with the majority that this case turns on the question of whether Julius’s military survivor’s benefits are “accorded to [Barbara] by law;” however, I disagree with the majority’s conclusion that those benefits are not accorded to Barbara by law.
¶ 17. As noted by the majority, servicemen and women are not required to participate in the Military Survivor Benefit Plan (“SBP”). 10 U.S.C.A. § 1448(a)(l)-(3) (1998); 10 U.S.C.A. § 1441, 1452 (1998). However, persons entitled to military retirement are given the option to participate, and if they do, a portion of the participant’s retirement pay is deducted from the retirement pay due the participant and allocated as a premium for his or her designated survivor’s annuity. Id. Despite the fact that a participant may elect to provide an annuity to his or her former spouse, a participant may be court-ordered to participate in the SBP. 10 U.S.C.A. § 1448(b)(2)(A) (1998); 10 U.S.C.A. § 1450(f)(4) (1998). Accordingly, federal statutes provide that Barbara is eligible as a designee for the SBP.
¶ 18. I concede that the benefits of the SBP are not automatically bestowed upon Barbara; but the same is true of the bene *1177 fits of Julius’s civil-service survivor’s annuity and his military-retirement benefits, which are not automatically granted to Barbara either. Julius testified that Barbara would not receive the survivor benefits related to Julius’s civil-service employment unless a qualified domestic-relations order was entered to effectuate her receipt of such benefits, and the property-settlement agreement confirms this testimony by requiring an order to be entered to ensure that Barbara receives Julius’s civil-service survivor’s annuity and military retirement. Therefore, I am not persuaded by Julius’s argument that Barbara must receive .the survivor benefits automatically for her to be accorded the benefit by law. Accepting this argument, as the majority does, upholds Barbara’s entitlement to one opt-in survivor benefit program (the civil-service survivor annuity), see, e.g., 5 U.S.C.A. § 8341(h)(1) (2007), yet denies her entitlement to Julius’s military-surviv- or’s annuity, a similar opt-in program.
¶ 19. Moreover, the federal law is not the only law the chancellor was bound to address in determining whether Barbara was accorded Julius’s military-survivor’s annuity by law. In particular, the “law” to be gleaned from the precedent of this Court is that “[a]ssets so acquired or accumulated during the course of the marriage are marital assets and are subject to an equitable distribution by the chancellor.” Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994). At a hearing on the matter, the chancellor acknowledged as much, saying, “[U]nder Mississippi law it has always been the rule of the court that when one of the spouse’s earnings are put into retirement, or part of it, that that is a marital asset[,] and that [a] marital asset accumulates for the use and benefit of both of these parties.”
¶ 20. Put simply, given that the SBP benefits are accorded to Barbara by both the federal statutes and the equitable jurisprudence of this state, I am unable to say that the chancellor was in manifest error in requiring Julius to accord Barbara those benefits, and I would affirm the chancellor on this issue.
¶ 21. With regard to the second issue, the majority notes correctly that a chancellor has the discretion to award attorney fees and court costs in divorce cases. Yet, the majority reverses the chancellor on this issue without finding that he abused his discretion.
¶ 22. After entering judgment in Barbara’s favor on the issue of military-surviv- or benefits, the chancellor required Julius to pay Barbara’s attorney fees in the amount of $1,500 and court costs in the amount of $147. Julius’s sole argument on this issue is that Mississippi courts have never required a successful appellant to pay attorney fees and/or court costs. However, this Court historically has left the determination of granting or denying attorney fees to the discretion of the trial court, and will not disturb that discretionary determination unless the chancellor’s decision is manifestly wrong or an abuse of discretion. R.K. v. J.K., 946 So.2d 764, 778 (Miss.2007); Creekmore v. Creekmore, 651 So.2d 513, 520 (Miss.1995).
¶ 23. Here, the chancellor heard evidence that Barbara had to borrow money in order to pay her attorney fee of fifteen hundred dollars, that Barbara’s attorney had worked, at a minimum, twenty hours in seeking clarification and/or modification of the judgment, and that Barbara was disabled, with her income limited to her own retirement benefits. Although the chancellor did not make an explicit finding of reasonableness, it cannot be said, nor does Julius contend, that these fees and costs are unreasonable. That being the case, the chancellor’s award of attorney *1178 fees and court costs to Barbara should be affirmed.
WALLER, C.J., GRAVES, P.J., AND PIERCE, J., JOIN THIS OPINION.